FILED
2007 Sep-14 PM 12:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| LESTER CARPENTER REED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 5:02-cv-01855-JEO |
| | ) | |
| DONAL CAMPBELL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| LESTER CARPENTER REED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 5:00-cv-02621-JEO |
| | ) | |
| DONAL CAMPBELL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

The remaining claims in the above-named consolidated cases deal with the conditions of confinement in Dormitory #16 at the Limestone Correctional Facility, where the plaintiff was housed with other HIV inmates from 1999 to 2003. The underlying claims regarding the conditions in Dormitory #16 are the same or similar in both cases and it appears the main difference between the cases involves the time periods during which the conditions are alleged to have existed. This matter is now before the court on the defendants' motion for summary

judgment. (Doc. 89 in 5:00-cv-02621-JEO and Doc. 62 in 5:02-cv-01855-JEO).[1] For the reasons explained below, the court finds that the defendants' motion is due to be **DENIED**.

## DISCUSSION

The plaintiff is an HIV-positive inmate at the Limestone Correctional Facility in Harvest, Alabama. He was diagnosed with HIV in 1987 at the West Jefferson Correctional Facility and was thereafter transferred to the Limestone facility, where he was classified as "medically infirmed" and placed in a dormitory specifically set aside for HIV-positive inmates. (Reed II, Doc. 17, p. 5). The plaintiff complains that Dormitory #16, to which the HIV patients were moved in April 1999, was dilapidated, contained hazardous conditions, was not adequate to serve the special needs of the inmates housed therein and exposed the plaintiff to "various deadly diseases, infectious harmful bacteria and other deadly pathogens." (Reed I, Doc. 1, p. 5; Reed II, Doc. 17, pp. 18-34 and 58-60). He states that Dormitory #16 was formerly used to house "chain gang" inmates and was "designed to be the most harsh environment within the Department of Corrections" and that the dorm's overcrowded, unsanitary, and hazardous conditions were "contrary to [the] health needs" of HIV patients. (*Id.*). In an appeal involving Reed I, the Eleventh Circuit observed that the plaintiff had "presented about 180 affidavits from Dorm 16 inmates, which all attest to extreme temperatures, unsanitary showers and toilets, infestation of insects and rodents, peeling paint and plaster, and other conditions alleged in the complaint which would cause deterioration of an HIV-infected prisoner's health." *Reed v. Department of Corrections*, No. 03-11035, p. 12 (11th Cir. August 27, 2004).

---

[1] For purposes of clarity, the plaintiff's initial action in 5:00-cv-02621-JEO will hereinafter be referred to as **Reed I** and his second action in 5:02-cv-01855-JEO as **Reed II**.

In support of their motion for summary judgment, the defendants contend that the plaintiff's claims in this action are precluded by the settlement in *Leatherwood, et. al. v. Haley, et al.*, a class action in this court involving conditions of confinement at the Limestone Correctional Facility on behalf of a class defined as "all HIV and AIDS infected male inmates, who are now or will be in the future, confined at [that facility]."[2] In a report recommending approval of the proposed settlement in *Leatherwood*, the undersigned noted that the plaintiffs there had demanded only declaratory and injunctive relief and that "[m]onetary compensation was never sought in [that] litigation." (*Id*., Doc. 163, pp. 5 and 24). Thus, the plaintiff here correctly argues that his claims for damages are not barred by the settlement in *Leatherwood* because monetary relief was not available to him in that case. In *Fortner v. Thomas*, the Eleventh Circuit found that a prisoner's claim for monetary damages was not barred because he was a member of a pending class action where that action sought only declaratory and injunctive relief.[3] Accordingly, the defendants' reliance on *Leatherwood* is misplaced.

Alternatively, the defendants argue that the plaintiff has failed to show that he suffered any injury as a result of the alleged conditions in Dormitory #16. However, not only has the Eleventh Circuit already concluded that the plaintiff's factual showing in Reed I warranted an evidentiary hearing on his claims challenging the conditions of confinement at Limestone, but the court there also recognized that "[t]he Eighth Amendment protects against unreasonable risk of

---

[2] Case No. 7:02-cv-02812-KOB. The class was defined and certified in that matter on January 27, 2004, (doc. 114) and the settlement was approved on June 24, 2004 (doc. 165).

[3] "It is clear that a prisoner's claim for monetary damages or other particularized relief is not barred if the class representative sought only declaratory and injunctive relief, even if the prisoner is a member of a pending class action." *Fortner*, 983 F.2d 1024, 1031 (11th Cir. 1993); (citing *Spears v. Johnson*, 859 F.2d 853, 854 (11th Cir. 1985)).

3

serious damage to a prisoner's *future* health" and that "Reed need not wait until the harm is actually caused" before presenting his claims in this action. *Reed v. Department of Corrections*, supra, p. 12 (emphasis added); (citing *Helling v. McKinney*, 509 U.S. 25, 33 (1993)). Even if the holding in *Helling* can be read as being limited to injunctive relief, the plaintiff in this instance has also testified to physical harm in the form of a staph infection and to various mental or emotional conditions resulting from time spent in Dormitory #16. (Reed I, Doc. 91, *Deposition of Lester Carpenter Reed*, Vol. I, p. 26 and Vol. II, pp. 19-21 and 40-41). Additionally, *punitive* damages may be awarded in a § 1983 action where constitutional rights have been violated, even without a showing that the plaintiff suffered actual loss. *Harden v. Pataki*, 320 F.3d 1289 (11th Cir. 2003); (citing *Dykes v. Hosemann*, 743 F.2d 1488, 1500 n.14 (11th Cir. 1984)). Thus, the defendants' motion for summary judgment is due to be denied on this assertion as well.

  Finally, the defendants argue that they, as non-medical personnel, could not have been deliberately indifferent to the plaintiff's medical needs because they were entitled to rely on the expertise of trained medical personnel at the facility. This argument is without merit. Not only may prison guards be held liable if they delay or deny access to medical care, *see Washington v. Dugger*, 860 F.2d 1018 (11th Cir. 1988), but the remaining claims herein are related to <u>conditions</u> existing in Dormitory #16 at the Limestone Facility, a matter over which the defendants would clearly have control and authority. In this instance, there remains a genuine issue of fact concerning whether or not those conditions were such that the plaintiff's Eighth Amendment rights were violated. For these reasons, this argument is insufficient to support the granting of summary judgment.

## CONCLUSION

Premised on the foregoing, the defendants' motion for summary judgment is due to be **DENIED**.

**DONE**, this 14th day of September, 2007.

_/s/ John E. Ott_
**JOHN E. OTT**
United States Magistrate Judge